H. B. BAGLEY *vs.* ARA CARPENTER.

C sued B to recover one hundred and eighty dollars. B denied the right of recovery, and pleaded counter claim and set-off. C recovered judgment of less than one hundred dollars. *Held*, that B's costs should be adjudged against C. *Ebey* v. *Engle*, 1 W. T. Repts. 72. Over-ruled.

A witness, on cross-examination, acknowledged he entertained feelings of

hostility to the party against whom he testified. Upon re-direct examination, the Judge permitted him to state the grounds of his hostility, against the objections of the opposite party, but refused to allow such party to prove the falsity of the matters testified to by the witness. *Held*, that while such practice was not to be commended, it did not constitute an abuse of discretion in the trial Court.

Error to third District for King County.

*Burke & Rasin*, for plaintiff in error.

The sum which the jury finds to be due is, in contemplation of law, the sum which a plaintiff seeks to recover. *Cross* v. *Collins*, 5 Bingham, (N. C.) 194; 2 Tidd, (3 Am. Ed.) 955; *Shoddick* v. *Bennett*, 4 Born & Coes, *769; *Fleming* v. *Davis*, 5 Dowland & Rylord, 371; id. 155; *Blockmore* v. *Higgs*, 15 Common Bench, (N. S.) 790; 18 id. 261; *Leeds, et al.* v. *Cameron*, 3 Sumner, 488; *Stille* v. *Jenkins*, 3 Green. (N. J.) 312; *Brunaugh* v. *Wooley*, 6 Ohio State, 196; *Powers et al.* v. *Gross*, 66 N. Y. 646.

*Hall & Osborne* for defendant in error.

The amount sought to be, and not the amount actually recovered, is the test by which the jurisdiction of the justice of the peace is to be determined. This was decided by this Court, as early as 1859, in the case of *Ebey* v. *Engle & Hill*, and the Legislature, with knowledge of this judicial construction, has several times re-enacted the statute, as thus construed.

The admission of the testimony complained of was a matter of discretion with the trial Judge, and is not subject to review. 1 Greenleaf Ev., secs. 431, 435, 449, 467–8; *Commonwealth* v. *Lyden*, 113 Mass. 452; *Miller* v. *Smith*, 112 Mass. 470; *Commonwealth* v. *Show*, 4 Cush. 593; 6 id. 185.

As to the propriety of admitting such testimoy. *Commonwealth* v. *Byron*, 14 Gray, 31; *Cooley* v. *Norton*, 4 Cush. 93; *Long* v. *Lamkin*, 9 Cush. 361; 1 Greenleaf Ev., secs. 467–8.

*Opinion by Wingard, Associate Justice.*

The plaintiff below, Ara Carpenter, brought an action against H. B. Bagley, in the District Court of the Third Judicial District, to recover one hundred and eighty odd dollars. Defendant Bagley denied the right of the plaintiff to recover anything and set up counter claim, and set-off and asked judg-

ment in his favor. The plaintiff, Carpenter, replied and issue was completed. William Cochran, a witness for Carpenter, admitted on cross examination that he bore ill will and hostility toward Bagley. On examination, the witness was permitted, against objection, to detail the grounds of his hostility, and when defendant below came to present his case he offered testimony to contradict the statements of the witness, touching his hostility to defendant below, and to show that he had testified falsely in this regard. The Court, on objection, excluded this evidence. A jury rendered a verdict for $55.00 with interest at ten per cent. from July 25, 1878, and the Court below feeling bound by the decision of this Court in *Ebey* v. *Engle*, judgment was entered on the verdict for $63.61 in favor of plaintiff below and for his costs and disbursements. The defendant below moved for a retaxation of costs and for judgment in his favor for costs. The Court over-ruled the motion.

Two errors are assigned.

1. The Court erred in rendering judgment against plaintiff in error for costs, and in refusing judgment in his favor for costs.

2. In permitting the witness Cochran to state the grounds of his ill will and hostility toward plaintiff in error, and then denying him the right to contradict the witness on these points.

Section 17, page 333, laws of W. T., 1873, is as follows: "Every Justice of the Peace shall have jurisdiction over and cognizance of the following actions and proceedings: 1. In an action arising on contract for the recovery of money only, if the sum claimed do not exceed $100.00." Hence it appears that the amount claimed and not the amount recovered, determines the jurisdiction of the Justice. But that is all it determines.

Sections 511 and 514, on pages 108 and 109, laws of W. T. 1877, are as follows :

"SECTION 511. The plaintiff shall not be entitled to costs in any action within the jurisdiction of a Justice of the Peace, which shall be commenced in the District Court when the recovery is for a less amount than one hundred dollars."

"SEC. 514. In all cases where costs and disbursements are not allowed to the plaintiff, the defendant shall be entitled to have judgment in his favor for the same."

These sections plainly determine the question of costs.

In this case the amount claimed in the complaint, being over $100.00, debarred the jurisdiction of the Justice, and the amount recovered having been less than $100.00 entitled the defendant below to costs. The authorities are almost unanimously in favor of this construction of the statutes.

As to the second error assigned, we are of the opinion that while we would not commend the practice which was followed on the trial in the District Court, yet what was done there, so far as appears by the record, was only the exercise of a discretion which Judges are often called upon to exercise, and which, although somewhat novel in this instance, cannot be regarded as an abuse, and was therefore not error for which the Court would reverse the judgment. The case of *Ebey* v. *Engle,* 1. W. T. Repts. 72, is over-ruled.

Let the judgment of the Court below be modified and judgment be entered for the plaintiff below for the amount of the verdict, and let judgment be entered for the defendant below for his costs and disbursements.